[Cite as *Costello v. Ohio Dept. of Transp.*, 2009-Ohio-7157.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


GERALDINE COSTELLO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-06052-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1}   Plaintiff, Geraldine Costello, resides in a home adjacent to US Route 20 in Perry, Ohio, Lake County.  The edge of the driveway to her residence abuts US Route 20.  On or about May 3, 2009, US Route 20 near plaintiff's residence was under construction; specifically, the roadway pavement had been recently milled in preparation for repaving.  Plaintiff stated, "[o]n May 3, 2009 while leaving my drive, I pulled out and the bottom of my car struck the ridge of drive damaging the underside of my" 2000 Volkswagen Passat.  Two flex pipes and two converters on the vehicle were damaged when plaintiff traveled from her drive onto the uneven pavement condition on US Route 20 created by the recent milling activity.  Plaintiff implied the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a hazardous condition in a construction project area on US Route 20 in Lake County.  Plaintiff filed this complaint seeking to recover $743.75, the cost of automotive repair costs she incurred resulting from the described incident.  The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Burton Scot Contractors, LLC (Burton Scot). Defendant explained the particular project "dealt with grading, draining and paving with asphalt concrete on US 20 in Lake County." Defendant asserted Burton Scot, by contractual agreement was responsible for any roadway damage, occurrences, or mishaps within the construction zone. Therefore, ODOT argued that Burton Scot is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant argued that neither ODOT nor Burton Scot had any knowledge of "the driveway on US 20 prior to plaintiff's incident." Defendant pointed out plaintiff's residence is located at approximately milepost 22.02 which is within the construction project limits. Defendant related ODOT "records (copies submitted) indicate that no calls or complaints were received at the Lake County Garage regarding the driveway in question prior to her (plaintiff's incident)." Defendant contended plaintiff failed to produce evidence establishing her property damage was attributable to conduct on either the part of ODOT or Burton Scot.

**{¶ 6}** Defendant submitted a letter from Burton Scot Safety Manager, Bea Rausch, regarding work performed on the construction project. Rausch provided the following narrative explanation of work conditions:

**{¶ 7}** "The area where Ms. Costello claims the alleged damage to her vehicle occurred, was in a posted construction zone. In addition to the zone being posted and set in accordance with the Ohio Department of Transportation regulations, BSC provided and displayed extra signage. Consistently, every effort was made to insure the safety of both vehicle and pedestrian traffic. Furthermore, all phases of the project (which include, but were not limited to the milling paving and the castings), were performed according to the Ohio Department of Transportation specifications."

**{¶ 8}** Defendant asserted plaintiff should have been aware of the fact that pavement resurfacing work on US Route 20 would have an affect on her driveway. Defendant advised work began on the project on March 24, 2009, more than seven weeks before plaintiff's damage occurrence. Construction project limits ran from

milepost 20.73 past milepost 24.80 on US Route 20. Defendant again denied having any knowledge regarding how the roadway milling would affect safe access to and from plaintiff's driveway.

{¶ 9} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor prior to May 3, 2009. Additionally, plaintiff submitted photographic evidence depicting the uneven pavement condition and surface deviation between the edge of her driveway and the milled portion of US Route 20. No evidence was submitted to establish when the roadway surface near milepost 22.02 on US Route 20 was initially milled prior to May 3, 2009.

{¶ 10} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 11} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm

for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Plaintiff has provided sufficient evidence to prove a known hazardous condition existed on the roadway after ODOT specified operations were completed and neither ODOT nor its agents timely corrected the condition. Plaintiff has proven her damage was proximately caused by negligent acts and omissions on the part of ODOT onsite personnel and ODOT's agents. Therefore, defendant is liable to plaintiff in the amount of $743.75, the total cost of automotive repair, plus the $25.00 filing fee, which may be awarded as costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALDINE COSTELLO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-06052-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $768.75, which includes the filing fee.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Geraldine Costello
3585 N. Ridge Road
Perry, Ohio  44081

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/6
Filed 11/18/09
Sent to S.C. reporter 3/5/10